IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Charles Jermaine Keitt, )
                                            ) Cr. No. 5:07-1020
                    Movant, )
                                            )
vs. )
                                            ) **ORDER AND OPINION**
United States of America, )
                                            )
                   Respondent. )
_____)

## I. FACTS AND PROCEDURAL HISTORY

Movant Charles Jermaine Keitt was indicted for possession with intent to distribute and distribution of a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts 1 and 2); felon in possession of a firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e) (Count 3); possession with intent to distribute and distribution of five grams or more of cocaine base, a quantity of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B), 841 (b)(1)(C), and 841(b)(1)(D) (Count 4); and use and carrying firearms during and in relationship to, and possession in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 5).

Movant, who was represented by Byron E. Gipson, Esquire, entered into a Plea Agreement as to Count 4 of the indictment on February 29, 2008. Movant's guilty plea was entered on March 3, 2008. A presentence investigation report (PSR) was prepared in which Movant was designated as a career offender based upon prior felony drug convictions in 2003 (possession of marijuana with intent to distribute, PSR ¶ 31) and 2006 (possession with intent to distribute cocaine, PSR ¶ 32). Pursuant to U.S.S.G. § 4B1.1(b), Movant was determined to have a criminal history category of VI.

Movant was held accountable for 25.18 grams of cocaine base, for a base offense level of 26.

He received a two-level increase for possession of a dangerous weapon, for a total adjusted offense level of 28; however, because Movant was deemed to be a career offender with an offense statutory maximum sentence of life, 21 U.S.C. § 841(b)(1)(B), his offense level was increased to a level 37 under U.S.S.G. § 4B1.1(b)(A). Movant received a three-level reduction for acceptance of responsibility, for a total offense level of 34. Movant's guideline range was 262 to 327 months imprisonment.

A sentencing hearing was held on September 23, 2008. Trial counsel moved at the sentencing hearing for a downward variance from the guideline range based upon his arguments that the guideline range (1) unfairly penalized Movant compared to other criminal defendants; (2) did not give Movant credit for trying to change his life; and (3) did not take into account Movant's physical condition and some of the emotional issues that he had growing up. Sentencing Hearing 11 (ECF No. 76). The court noted that the guideline ranges was high because of Movant's past criminal conduct. Id. Movant was sentenced to incarceration for a period of 262 months. Judgment was entered on September 30, 3008.

This matter now is before the court on Movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 83), which motion was filed September 9, 2009. Movant asserts the following grounds for relief:

> **Ground one**: Ineffective assistance of counsel - Failure to consult defendant regarding appeal. Counsel Byron E. Gibson did not meet with defendant after sentencing to fulfill his duty to consult defendant regarding an appeal. The Honorable Margaret B. Seymour informed defendant on September 23, 2008 during the conclusion of imposing a 262 month sentence "Mr. Keitt, you are advised that a criminal defendant has the right to appeal . . . and you should discuss carefully with your lawyer as to whether or not you are entitled to appeal in this case." . . . Counsel never consulted defendant to ascertain whether he desired to appeal. . . .

2

> **Ground two**: Ineffective assistance of counsel – Attorney incorrectly assumed defendant was a career offender. Counsel Byron E. Gipson failed to conduct an investigation into the predicate offenses used to designate defendant as a career offender. The PSR erroneously stated the predicates were drug offenses of intent to distribute when defendant was only convicted for possession. The failure to properly preserve this issue in the district court is predicated upon counsel's ineffectiveness.
>
> **Ground three**: Defendant is actually innocent of being a career offender as defined in 4B1.1 of the Guidelines. Defendant's description of the August 4, 2003 crime as a possession with intent to distribute marijuana is erroneous. He was actually convicted under the laws of South Carolina of possession of contraband by prisoner of the State 24-3-950. Defendant has only one prior felony conviction that is a crime of violence, and the two controlled substance offenses for [possession] of marijuana and cocaine do not qualify as predicate under the career offender sentencing designation.
>
> **Ground four**: Ineffective assistance of counsel – Failure to request a departure where criminal history exaggerated the seriousness of past criminal conduct. Counsel made no effort to request a departure, pursuant to USSG 4A1.3 to 4B1.1, on the ground defendant's criminal history category overstated the seriousness of his past criminal conduct where such resulted in a sentence disproportionately severe given the nature of the instant offense.
>
> **Ground five**: Ineffective assistance of counsel – Failure to request a psychological evaluation to determine whether defendant's mental and emotional conditions/abusive childhood warranted a downward departure. Section 5K2.0 of the United States Sentencing Guidelines provides the court with the discretion to depart from the applicable sentencing range if "'there exists an aggravating or mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" U.S.S.G. 5K2.0 (quoting 18 U.S.C. 3553(b)).

See generally Motion Under 28 U.S.C. § 2255, 4-11 (ECF 83).

The government filed a response in opposition to Movant's § 2255 motion and a motion for summary judgment on December 21, 2009. By order filed December 21, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Movant filed a response to the

3

government's opposition on March 9, 2010. In addition, on September 10, 2010, Movant filed a motion to amend his § 2255 motion. Movant seeks the benefit of revisions to 21 U.S.C. § 841 that were enacted August 3, 2010 (ECF No. 127). See Fair Sentencing Act of 2010, Pub. L. No. 111-220 (setting forth cocaine sentencing disparity reduction).

## II. DISCUSSION

A.  Grounds One, Two, Four, and Five - Ineffective Assistance of Counsel

Movant contends he received ineffective assistance of counsel. To prove ineffective assistance of counsel, Movant must show that trial counsel's performance was deficient. See Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. Id. at 688. Movant also must demonstrate that he was prejudiced by trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 694. Strickland requires Movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. Id. at 694.

In Hill v. Lockhart, 474 U.S. 52 (1985), the United States Supreme Court discussed the application of the rule regarding deficient performance in cases where the defendant does not go to trial, but instead enters a guilty plea:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry

4

engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

Id. at 57-59 (internal citations omitted).

  1. <u>Failure to consult regarding appeal</u>.  Movant contends that trial counsel failed to consult with him regarding his right to appeal.  In <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 480 (2000), the United States Supreme Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id.  In making this determination, courts must "take into account all the information counsel knew or should have known," id. (citing <u>Strickland</u>, 466 U.S. at 690), including

> whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings.  Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights.  Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

Id.

  The government has submitted the affidavit of trial counsel.  According to trial counsel,

5

> I met with Mr. Keitt in the conference room outside of the Courtroom 5, immediately after sentencing. We met alone and were later joined by family members. I explained to Mr. Keitt the appellate procedure. I also opined that an appeal would not serve him as well as a truthful discourse with law enforcement regarding his involvement with illegal drug transactions in Orangeburg County. Mr. Keitt explained his reservations with assisting law enforcement (snitching) and suggested that he was uncomfortable in this role. I further explained that appeals are designed to correct errors in law; his sentence of 262 months, while high, was not improper. The federal system rewards those who offer substantial assistance, which he chose not to do. We left the courthouse with the understanding that he would strongly consider offering assistance. After this discussion, Mr. Keitt did not ask me to perfect an appeal.

Affidavit of Byron E. Gipson ¶ 4 (ECF No. 106-1).

Movant contends that immediately after sentencing he told trial counsel that he wished to appeal his sentence, but that trial counsel "continuously tried to pressure me into cooperating with law enforcement authorities and I told him I did not want to cooperate." Affidavit of Charles Jermaine Keitt ¶ 8 (ECF No. 124-1). According to Movant, "trial counsel never consulted with me about filing an appeal. His primary focus was to get me to cooperate rather than consult with me about filing an appeal." Id. ¶ 9. Movant avers that "Counsel Gipson never explained to me why I should not file an appeal, nor did he convey to me that an appeal would be frivolous." Id. ¶ 10. In addition, Movant submits the Affidavits of Yevette Cain, Barbara Evans, Cloressa Keitt, and Eugene Keitt, Jr., all of whom attest that they were present in the conference room subsequent to the sentencing proceeding and that trial counsel did not discuss with Movant any matters concerning his right to appeal. See ECF Nos. 124-2, 124-3, 124-4, 124-5. Moreover, the court's review of the record discloses that Movant did not waive his right to appeal in his Plea Agreement (ECF No. 57).

Movant asserts that he could have pursued the court's denial of a downward variance. Movant further contends that he showed an interest in appealing once he explained to trial counsel

6

his reservation with assisting law enforcement. Reply to the Government's Opposition 9-11 (ECF No. 124). Summary judgment should be granted only in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. McKinney v. Bd. of Trustees of Md. Cmty. College, 955 F.2d 924, 928 (4th Cir. 1992). The court finds genuine issues of material fact preclude disposition of this issue without an evidentiary hearing. The government's motion for summary judgment is denied as to this issue.

      2.    <u>Failure to dispute career offender status</u>. Movant contends that trial counsel was ineffective for failing to challenge the predicate offenses for a career offender designation. Movant contends that the PSR erroneously provides for predicate offenses of possession of marijuana with intent to distribute (PSR ¶ 31) and possession with intent to distribute cocaine, first (PSR ¶ 32). Although it is not clear from the § 2255 motion, Movant in his reply to the government's memorandum in opposition contends that "[Movant] has only one felony conviction that is a controlled substance offense (PSR, p. 11 ¶31) "PWID" marijuana and none that are a crime of violence. Paragraph 32 of the PSR states "POSSESSION OF CRACK COCAINE" (06-GS-3800711), and "POSSESSION OF COKE" (06-GS-3800712), not possession with intent to distribute." Reply to Government's Opposition 13 (ECF No. 124). Movant contends that he has only one qualifying predicate offense, and therefore should have been sentenced in criminal history category IV instead of criminal history category VI, with a guideline range of 92 to 115 months imprisonment.

      The court's review of the PSR reveals that the predicate offenses for career offender status were as follows: (1) Movant was convicted on November 3, 2003 of possession of marijuana with

7

intent to distribute (03-GS-27-0411), for which he was sentenced to six months imprisonment; and (2) Movant was convicted on December 14, 2006 of possession with intent to distribute cocaine, first (06-GS-38-00712), for which he was sentenced to 60 days confinement to be served on weekends. There is no support in the record for a finding that Movant was convicted of "POSSESSION OF COKE (06-GS-3800712)" or that such a conviction served as a predicate offense for career offender status.

> Under U.S.S.G. § 4B1.1(a)
>
> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Under U.S.S.G. § 4B1.2, Application Notes 1, a "prior felony conviction" means "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." Generally, a conviction committed prior to age eighteen is an adult conviction.

In this case, Movant was 24 years old when he was convicted of possession of marijuana with intent to distribute (03-GS-27-0411). Movant was 27 years old when he was convicted of possession with intent to distribute cocaine, first offense (06-GS-38-00712). S.C. Code Ann. § 44-53-370(b)(2) provides that a person convicted of possession with intent to distribute marijuana, a Schedule I controlled substance, or cocaine, a Schedule II controlled substance, "is guilty of a felony and upon conviction, for a first offense must be imprisoned not more than five years or fined not more than five thousand dollars, or both." Therefore, possession of marijuana with intent to distribute (PSR ¶

31) and possession with intent to distribute cocaine, first offense (PSR 32) qualify as a predicate offenses for purposes of ascertaining career offender status.

The court discerns no error in the record with respect to the predicate offenses upon which Movant's career offender status is based. It is axiomatic that failure to raise a meritless objection cannot serve as a ground for ineffective assistance of counsel. Bolender v. Singletary, 16 F. 3d 1547, 1573 (11th Cir. 1994). Movant's contention is without merit.

3.     Failure to request a downward departure.   U.S.S.G. § 4A1.3 provides that a court may downward depart "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes[.]" Movant asserts that trial counsel was ineffective because he failed to argue that Movant committed two relatively minor drug offenses in quick succession and had not become a career offender within the meaning of the Sentencing Guidelines. The court disagrees. Movant's prior drug offenses involved the possession with intent to distribute 99 grams of marijuana while Movant was a prisoner under the jurisdiction of the South Carolina Department of Corrections. PSR ¶ 31. The court considers Movant's possession with intent to distribute contraband to be a serious offense and one that establishes Movant's disregard for authority. Movant's second offense of possession of crack cocaine and possession with intent to distribute cocaine demonstrates involvement with potentially more potent substances subsequent to his incarceration in 2003. Further, Movant's continued involvement in the drug trade, as evidenced by the charges set out in the indictment in this case, reveals that the state imprisonment imposed on Movant did not discourage him from committing other crimes. The court finds that Movant's criminal history category does not substantially over-represents the seriousness of his

criminal history or the likelihood that he will commit other crimes. Movant's contention is without merit.

   4.  <u>Failure to request a psychological evaluation</u>. The PSR indicates that Movant suffers with partial paralysis on the left side of his body as the result of a self-inflicted gunshot wound in March 1999. PSr ¶ 58. Movant informed the United States Probation Office that he received counseling from a mental health professional in 1999, and that he had endured a hard childhood as the result of a drug-addicted mother and his own substance abuse. <u>Id.</u> ¶ 59. Movant has been diagnosed with bipolar disorder and depression. <u>Id.</u> ¶ 60. Movant sporadically used marijuana since the age of 15, began using powder cocaine at the age of 16, and abused alcoholic beverages until he received substance abuse treatment in 2007. <u>Id.</u> ¶ 61.

  Movant contends that trial counsel was ineffective for failing to retrieve Movant's mental health records and subsequently seek a psychological examination. Movant asserts that "[i]t is arguable that testing could have shown [Movant's] perception of the world, created by his childhood experiences, impaired his ability to understand the wrongfulness of his offense behavior or to exercise the power of reason, or impaired his ability to control behavior that he knew was wrongful." Reply to Government's Opposition 20 (ECF No. 124).

  As an initial matter, the court notes that Movant informed the court during his change of plea hearing, under oath, that he was aware of no physical and emotional or nervous problem that would keep him from understanding what was taking place during the proceeding. Change of Plea Hearing 10 (ECF No. 97). In addition, Movant informed the United States Probation Office that he is in sound mental health and does not suffer with any mental condition. PSR ¶ 59.

  As to Movant's claim of ineffective assistance of counsel, "[c]ounsel has a duty to make

reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. In this case, trial counsel attested in his affidavit as follows:

> I have represented Mr. Keitt on various matters since March 27, 2006. During these matters, there was never a question about his competency or upbringing that led me to believe that a psychological evaluation was necessary or in any way warranted. In fact, Mr. Keitt was in a better state of mind in 2008, due to enrollment at the Vocational Rehabilitation Center, than he had been in any prior time during the pendency of our attorney-client relationship. I did not feel that a psychological evaluation would shed any additional light on Mr. Keitt's past or upbringing that he and I could not do at sentencing.

Affidavit of Byron E. Gipson ¶ 8 (ECF No. 106-1).

In the court's view, the record does not support a finding that trial counsel had reason to obtain a psychological evaluation. See Gilbert v. Moore, 134 F.3d 642, 654-55 (4th Cir. 1998) (holding that counsel was not ineffective for failing to retain expert for the purpose of developing mitigating evidence when defendants underwent psychiatric evaluations prior to trial the examinations revealed that defendants were competent to stand trial, and evaluations did not suggest any serious mental or emotional problems warranting further investigation). The relevant question in determining whether counsel's performance was constitutionally acceptable is not what the best lawyers would have done or what most good lawyers would have done, but instead whether a reasonable lawyer could have acted, in the circumstances, as defense counsel acted. Id. at 655 (citing Walters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995)). Movant's contention is without merit. The government's motion for summary judgment is granted as to Movant's claims of ineffective assistance of counsel.

B.    Ground Three - Actual Innocence

Movant asserts that he is actually innocent of being a career offender. Typically, to establish actual innocence a defendant must demonstrate actual factual innocence of the offense of conviction, i.e., that the defendant did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. Id. (citing Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992)).

In this case, there is no showing that Movant did not commit the two prior felony drug offenses or that the offenses were improperly deemed to be predicate offenses for the purpose of career offender status. Movant's contention is without merit. The government's motion for summary judgment is granted as to this issue.

C.    Motion to Amend § 2255 Motion

There being no objection, the court grants Movant's motion to amend his § 2255 motion. However, the court denies the relief requested. Movant seeks a reduction in his sentence based upon the Fair Sentencing Act of 2010, which was enacted on August 3, 2010. The Court of Appeals for the Fourth Circuit has determined that the Act, which amended the penalty provisions of 21 U.S.C. § 841(b) by increasing the quantities of crack cocaine required to trigger mandatory minimum sentences, does not apply retroactively. United States v. Nelson, 402 F. App'x 754 (4th Cir. 2010). Movant's contention is without merit.

### III.  CONCLUSION

The court grants the government's motion for summary judgment as to Grounds Two, Three, Four, and Five. The court will hold an evidentiary hearing as to Ground One only. The court denies the relief sought in Movant's motion to amend his § 2255 motion. The United States Probation

Office is directed to obtain appropriate paperwork to determine if Movant qualifies to have counsel appointed under 18 U.S.C. § 3006A. If it is determined that Movant so qualifies, the Clerk of Court is directed to appoint counsel as to Ground One. See Rules Governing Section 2255 Proceedings, Rule 8(c).

      **IT IS SO ORDERED**.

                                             /s/ Margaret B. Seymour
                                             United States District Judge

Columbia, South Carolina

April 19, 2011