IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Charles Jermaine Keitt,           )
                                  ) Cr. No. 5:07-1020
                Movant,           )
                                  )
vs.                               )
                                  ) **ORDER AND OPINION**
United States of America,         )
                                  )
                Respondent.       )
_____)

Movant Charles Jermaine Keitt was indicted for possession with intent to distribute and distribution of a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts 1 and 2); felon in possession of a firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e) (Count 3); possession with intent to distribute and distribution of five grams or more of cocaine base, a quantity of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B), 841 (b)(1)(C), and 841(b)(1)(D) (Count 4); and use and carrying firearms during and in relationship to, and possession in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 5). Movant was sentenced to incarceration for a period of 262 months. Judgment was entered on September 30, 3008.

This matter came before the court on Movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 83), which motion was filed September 9, 2009. Movant asserts the following grounds for relief:

> **Ground one**: Ineffective assistance of counsel - Failure to consult defendant regarding appeal. Counsel Byron E. Gibson did not meet with defendant after sentencing to fulfill his duty to consult defendant regarding an appeal. The Honorable Margaret B. Seymour informed defendant on September 23, 2008 during the conclusion of imposing a 262 month sentence "Mr. Keitt, you are advised that a criminal defendant has the right to appeal . . . and you should discuss carefully with your lawyer as to whether or not you are entitled to appeal in this case." . . . Counsel

never consulted defendant to ascertain whether he desired to appeal. . . .

**Ground two**: Ineffective assistance of counsel – Attorney incorrectly assumed defendant was a career offender. Counsel Byron E. Gipson failed to conduct an investigation into the predicate offenses used to designate defendant as a career offender. The PSR erroneously stated the predicates were drug offenses of intent to distribute when defendant was only convicted for possession. The failure to properly preserve this issue in the district court is predicated upon counsel's ineffectiveness.

**Ground three**: Defendant is actually innocent of being a career offender as defined in 4B1.1 of the Guidelines. Defendant's description of the August 4, 2003 crime as a possession with intent to distribute marijuana is erroneous. He was actually convicted under the laws of South Carolina of possession of contraband by prisoner of the State 24-3-950. Defendant has only one prior felony conviction that is a crime of violence, and the two controlled substance offenses for [possession] of marijuana and cocaine do not qualify as predicate under the career offender sentencing designation.

**Ground four**: Ineffective assistance of counsel – Failure to request a departure where criminal history exaggerated the seriousness of past criminal conduct. Counsel made no effort to request a departure, pursuant to USSG 4A1.3 to 4B1.1, on the ground defendant's criminal history category overstated the seriousness of his past criminal conduct where such resulted in a sentence disproportionately severe given the nature of the instant offense.

**Ground five**: Ineffective assistance of counsel – Failure to request a psychological evaluation to determine whether defendant's mental and emotional conditions/abusive childhood warranted a downward departure. Section 5K2.0 of the United States Sentencing Guidelines provides the court with the discretion to depart from the applicable sentencing range if "'there exists an aggravating or mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" U.S.S.G. 5K2.0 (quoting 18 U.S.C. 3553(b)).

See generally Motion Under 28 U.S.C. § 2255, 4-11 (ECF 83).

On April 20, 2011, the court issued an order in which it determined that Movant's Grounds Two, Three, and Four lacked merit. The court held an evidentiary hearing as to Ground One only on June 20, 2011. The court heard testimony of trial counsel, Movant, and Movant's witnesses at

the hearing. The court found trial counsel to be credible and Movant to be not credible with respect to their differing version of events. The court finds that trial counsel articulated a valid trial strategy in advising Movant to cooperate with the government rather than pursuing an appeal. Further, the testimony of Movant's witnesses did not support Movant's version of events; specifically, Movant's witnesses could not corroborate his contention that he told trial counsel he wished to appeal because his sentence was more harsh than Movant anticipated. For these reasons and the reasons stated at the hearing, the court denies the relief sought in Ground One.

## CONCLUSION

For the reasons stated, the government's motion for summary judgment (ECF No. 106) is **granted**. Movant's motion to vacate is **denied and dismissed with prejudice**.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Movant has not made the requisite showing. Accordingly,

the court **denies** a certificate of appealability.

    **IT IS SO ORDERED**.


    /s/ Margaret B. Seymour
    United States District Judge

Columbia, South Carolina

June 29, 2011.




**NOTICE OF RIGHT TO APPEAL**

**Movant is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**