IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Charles Jermaine Keitt,            )
                                   ) Cr. No. 5:07-1020
           Movant,                 )
                                   )
   vs.                             )   **AMENDED**
                                   )   **ORDER AND OPINION**
United States of America,          )
                                   )
           Respondent.              )
_____)

Movant Charles Jermaine Keitt was indicted for possession with intent to distribute and distribution of a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts 1 and 2); felon in possession of a firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e) (Count 3); possession with intent to distribute and distribution of five grams or more of cocaine base, a quantity of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B), 841 (b)(1)(C), and 841(b)(1)(D) (Count 4); and use and carrying firearms during and in relationship to, and possession in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 5). Movant was sentenced to incarceration for a period of 262 months. Judgment was entered on September 30, 3008.

Movant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence on September 9, 2009 (ECF No. 83). The matter came before the court for an evidentiary hearing as to Ground One only on June 20, 2011. In Ground One, Movant asserted the following grounds for relief:

> **Ground one**: Ineffective assistance of counsel - Failure to consult defendant regarding appeal. Counsel Byron E. Gibson did not meet with defendant after sentencing to fulfill his duty to consult defendant regarding an appeal. The Honorable Margaret B. Seymour informed defendant on September 23, 2008 during the conclusion of imposing a 262 month sentence "Mr. Keitt, you are advised that a

> criminal defendant has the right to appeal . . . and you should discuss carefully with your lawyer as to whether or not you are entitled to appeal in this case." . . . Counsel never consulted defendant to ascertain whether he desired to appeal. . . .

To prove ineffective assistance of counsel, Movant was required to show that trial counsel's performance was deficient. See Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. Id. at 688. Movant also must demonstrate that he was prejudiced by trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 694. In Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000), the Court held that a lawyer who disregards a defendant's specific instructions to file a notice of appeal acts in a professionally unreasonable manner. Further, trial counsel has a constitutionally imposed duty to consult with a defendant about an appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480.

In his § 2255 motion, Movant also alleged that he specifically had asked trial counsel to file an appeal. Movant also asserted that trial counsel was ineffective for failing to consult with Movant about an appeal because there existed a nonfrivolous ground for appeal. According to Movant, he could have asserted on appeal that the court erred in failing to provide sufficiently detailed reasons for denying trial counsel's motion for variance. Although the Fourth Circuit did not specifically impose the requirement for an individualized assessment until United States v. Carter, 564 F.3d 325, 328-29 (4th Cir. 2009), Movant contended that case law in existence at the time of sentencing in 2008 supported the ground for appeal. See Rita v. United States, 551 U.S. 338 (2007); Gall v. United

States, 552 U.S. 38 (2007).

At the hearing, the court heard testimony of trial counsel, Movant, and Movant's witnesses. The court found Movant to be not credible as to his contention that he asked trial counsel to file an appeal, and that the testimony of Movant's witnesses did not corroborate his contention. As to counsel's duty to consult, trial counsel acknowledged that he was not aware of precedent cited in Rita and Gall. Trial counsel testified, however, that he had encouraged Movant to cooperate with government in order to gain a potential downward departure for substantial assistance rather than seeking an appeal of a sentence that, although harsh, was not improper. The court determined that trial counsel articulated a valid trial strategy in advising Movant to cooperate with the government rather than pursuing an appeal. Accordingly, the court denied the relief sought in Ground One by order filed June 30, 2011 (ECF No. 143).[1]

This matter now is before the court on Movant's motions for reconsideration pursuant to Fed. R. Civ. P. 59(e), which motions were filed on June 23, 2011 and July 7, 2011. The government filed a response to Movant's motions on August 18, 2011, to which Movant filed a reply on August 22, 2011.

Although Rule 59 addresses grounds for new trials, some courts have reasoned that the concept of a new trial under Rule 59 is broad enough to include a rehearing of any matter decided by the court without a jury. 11 Wright & Miller, Federal Practice & Procedure § 2804. Notwithstanding the broad nature of Rule 59, motions for reconsideration are disfavored. They are not a matter of routine practice. Settino v. City of Chicago, 642 F. Supp. 755, 759 (N.D. Ill. 1986).

---

[1] Movant also asserted four other grounds for relief in his § 2255 motion. The court denied these four other grounds by order filed April 20, 2011 (ECF No. 128).

Several courts have observed that they are neither expressly cognizable under the Federal Rules of Civil Procedure nor authorized by the local rules of the district court. See, e.g., Fisher v. Samuels, 691 F. Supp. 63, 74 (N.D. Ill. 1988).

Motions for reconsideration are inappropriate merely to introduce new legal theories or new evidence that could have been adduced during the pendency of the prior motion. Keene Corp. v. International Fidelity Ins. Co., 561 F. Supp. 656 (N.D. Ill.), aff'd, 736 F.2d 388 (7th Cir. 1982). The Fourth Circuit recognizes only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993). The Fourth Circuit has emphasized that counsel's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. Id. (citing Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Movant again asserts that trial counsel was ineffective for not consulting with Movant regarding raising on appeal the court's purported error in not placing an individualized assessment on the record. Movant contends that he would likely have received a new sentencing hearing. As the government points out, at most Movant would have received was a remand with instructions for the court to place on the record adequate facts to demonstrate that the court "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Carter, 564 F.3d at 328. More importantly, the court finds that, even had trial counsel been aware of Rita and Gall and had foreseen the Fourth Circuit's mandate in Carter, a valid trial strategy would have included encouraging Movant to consider cooperating with the government in lieu of pursuing an appeal, particularly given the limited remedy Movant would have received, if any. Movant

correctly notes that a defendant may both file an appeal and cooperate with the government. However, a reasonable attorney could conclude that an appeal could jeopardize a defendant's opportunity to receive a downward departure motion.  Cf. United States v. Magsamen, Nos. 3:08cr46/LAC, 3:09cv359/LAC/MD, 2010 WL 2079697 (N.D. Fla. April 15, 2010) (counsel testified that because defendant was attempting to cooperate with the government, he and his client discussed the relative advantages of cooperation in lieu of an appeal); Lopez-Torres v. United States, 700 F. Supp. 631 (D.P.R. 1988) (counsel exercised reasonable professional judgment in recommending that defendant pursue a reduction of sentence in lieu of an appeal; under the circumstances, "to have filed an appeal would have constituted an exercise in futility and would have burdened defendant with an unnecessary expense").

Plaintiff has not established an intervening change in controlling law; new evidence, or a clear error of law.  Plaintiff's motions to reconsider (ECF Nos. 142, 145) are **denied**.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001).  The court concludes that Movant has not made the requisite showing.  Accordingly,

the court **denies** a certificate of appealability.

      **IT IS SO ORDERED**.

                                             /s/ Margaret B. Seymour
                                             United States District Judge

Columbia, South Carolina

October 12, 2011.